listed as our 7th case on the docket, United States v. Brian Carter, No. 183713. And we'll hear from Mr. Mullins. Good morning and may it please the court, my name is Brian Mullins and I represent Brian Carter on his appeal of his sentence. He was convicted of possessing a firearm after he had been convicted of a crime punishable by more than one year. His base offense level was increased to 24 based on three prior convictions that were classified as crimes of violence. One of those convictions is not at issue, that's a California conviction for a form of assault and we're not arguing that that conviction should not have been classified as a crime of violence. However, we are arguing that his two Iowa convictions, one for aggravated assault and one for domestic abuse assault, were improperly classified as crimes of violence. And with regard to the aggravated assault, I believe the parties are in agreement that Iowa's form of aggravated assault in this circumstance does not meet the enumerated offense definition of aggravated assault and that is because, at least our position is that, that is because Mr. Carter was convicted of displaying a firearm in a threatening manner. Iowa, if one displays a firearm in respect to an assault, it is aggravated under Iowa law, is that a person commits an assault and uses or displays a dangerous weapon in connection with the assault. So, essentially Mr. Carter displayed a dangerous weapon in connection with, or possessed a dangerous weapon in connection with committing the assault of displaying a dangerous weapon in a threatening manner. So, there's not that would have made this conviction an aggravated assault as that term is understood under model penal code and just the generic form of aggravated assault. So, I think the parties agree on that. The government is arguing that, and I believe the district court held, that aggravated assault under Iowa law meets the elements test because, at least in this form of aggravated assault, Mr. Carter threatened the use of force. Mr. Mullins, is it correct that just as a factual matter, both the aggravated assault with the display of the knife and then the domestic abuse assault violation occurred basically kind of in the same episode? Yes, it was the same evening. They appeared to be simultaneous. And, so there is a circuit split on this issue with regard to whether aggravated assault by use of displaying a dangerous weapon in a threatening manner is a crime of violence. The 8th Circuit has held that it is. The 5th Circuit has held that it is not. In a non-precedential opinion? Correct. And, despite the fact that it's non-precedential, we believe that the 5th Circuit looked at how Iowa defines displaying a dangerous weapon in a threatening manner and the broad way that Iowa defines what it means to display a dangerous weapon in a threatening manner. The 5th Circuit cited a couple of Iowa cases from the Iowa Court of Appeals, State v. Harris and State v. Mott. And, these were cases where in Harris the defendant held a rifle in his hands while engaged in a verbal dispute with the victims. The defendant did not point the firearm or threaten to use it, but the court found that a reasonable juror could conclude that the defendant's intent was to intimidate the victims. And, in State v. Mott, the defendant stabbed a calculator and a desk with a knife in the victim's presence, but did not display the knife of the victim, point the knife at the victim, or approach the victim with the knife. But, the defendant's conviction was affirmed by the Iowa Court of Appeals for aggravated assault. Why did Harris and Mott help your position that much? Well, I believe that they show that threatening the use, or I should say, displaying a firearm in a threatening manner encompasses conduct broader than threatening the use of force, which is the crime of violence definition under the Elements Act. Displaying in a threatening manner. What is being threatened? I think it is possible that the harm that is being threatened isn't necessarily bodily harm. There could be psychological intimidation at issue. Because of a threat of what, if not violence? But, it's the degree of harm that takes the use of violence into the definition of a threatened use of force. And, I think that degree of harm isn't necessarily present by displaying a dangerous weapon in a threatening manner. Just a simple display of it. So, it's the degree of harm that this Court and the Supreme Court has held as necessary that threatened you, that physical force, is force capable of causing physical pain or injury to another person. I think this, the Iowa cases demonstrate that the degree of force possible for a conviction under aggravated assault is not as severe as the degree of force that the courts found necessary to amount to force. With the stabbing of the firearm, right? I mean, we're not talking about paper cuts, right? The concerns from some of the earlier case law. No, but I think it could be contemplated, certainly, that a dangerous weapon could be more than just, it's more than a gun. It's more than a knife. It could be a household appliance of some sort. The statutory definition deals with those kinds of matters, right? Yes. Depends on, some things are weapons per se, others, depends on how they're used, right? Yes. Did the district judge here, we're talking here about a guidelines issue, right? Correct. Did the district judge give any indication here that, as to whether this issue mattered to him or did not matter to him? He did, I believe, because the government asked the district judge at the end of the sentencing hearing, would the sentence be the same had the district court decided differently on the crime of violence issue and the district court declined to the sentence might have been different had the base offense level been different. Moving on to the domestic abuse assault statute, this is, I think the parties on this issue also agree that the aggravating factor of the domestic abuse assault, what made this crime punishable by more than one year was the fact of the prior conviction, not anything necessarily aggravated about the crime itself. Had there been no prior conviction, this crime would not have been punishable by more than one year. So, be that as it may, the court still needs to look at the elements of the serious misdemeanor form of Iowa domestic abuse assault, and I think the government also agrees that the elements of domestic abuse assault, or just assault in this case, do not necessarily establish that it was a crime of violence. The government is arguing that the additional element of causing bodily injury necessarily means the government, the state, was required to prove that it was a crime of violence. We disagree with that because there was no intent element to committing bodily injury. We believe that this court's decision in Flores is consistent with that position, where in that case it was Indiana's misdemeanor battery, and the court discussed how intent to cause bodily injury is a factor to look at when determining whether that bodily injury element makes a crime a crime of violence. So, the Iowa statute says this is a general intent crime, right? Correct. But the Iowa Supreme Court, according to the government, said in Fountain that actually specific intent is actually required. But no, I think that's with regard to the assault, the conduct that meets the elements of assault, but the causing bodily injury, I don't believe there is any specific intent to causing bodily injury. I'll reserve the rest of my time. Okay, time's up, but we'll have a minute for rebuttal. Thank you very much. Let's see, Mr. Walters. Good morning, may it please the court. Greg Walters, on behalf of the United States. Addressing first the display of a dangerous weapon in a threatening manner, I think the Eighth Circuit hit the nail on the head. There's really no other way to read that phrase of subsection 2c of the assault statute without coming to the conclusion that that is a threatened use of physical force. When we look at the two cases on which the defense relies, and I think Judge Hamilton, your question was very on mark, how do those help? They do not. I mean, the threat is holding a firearm at port arms as someone is standing at a door as if you walk through this door, I'm shooting you. That's at least an implied threat. Or taking a knife, in the other case, and stabbing a desk, stabbing a calculator in the presence of the person from whom you're enlisting information, the threat is I'm going to stab you. And then we look at the jury instruction for what it means to display a dangerous weapon in a threatening manner. The jury instruction says so as to intimidate the other person or another person. Intimidation is a form of threatened use of physical force as this court held in United States v. Armour. So by the defendant narrowing it down to asking this court only to look at the last phrase of subsection 2C, we think the answer is clear, that the displaying of a dangerous weapon toward another in a threatening manner is a threatened use of physical force. So that conviction alone, along with the California conviction, leads to the conclusion that his guidelines range was appropriately calculated. But there's a backup position, which is also the domestic abuse assault of the wife that had, as the defendant concedes on page 22 of his opening brief, had as an element causing bodily injury. There is no... Isn't it possible though, Mr. Walters, to violate that statute by causing bodily injury or mental illness? Right. So I know you've made the waiver point, but looking at least a little more broadly, it's a little difficult to see how that qualifies. I think the one... Causing mental injury very well may not qualify. So the question would be, is that only separated by the word or, that they have different definitions. So the question is, what would have... What would the government or the state have to prove to a jury to prove on the one hand bodily injury or on the other hand causing mental illness? And because that wasn't briefed, we didn't take that upon ourselves in this case. I understand that, but given that Mathis was about to speak of that on issues of divisibility... If I can take it out of the context of this statute, if we looked at the Illinois battery statute, one side of it is causing bodily harm, the other side is offensive touching, separated by nothing more than the word or. And yet this court has held that the first part of that statute requires the use of force. The second part of that statute does not require the use of force. And so it depends on what theory the prosecution charges a case. So when we look in the context of an aggravated battery, where that battery is committed on a public way that turns it into a felony, it meets the felony definition. And if it's charged under the force prong, then it meets the use of force definition under the elements clause. So what I'm saying is, I don't think it's as simple as saying there's an or in there and these are alternative means without further briefing. For the same reason the state of Illinois statute is divisible and yet the same crime, whether offensive touching or physical force is used, carry the same penalties and yet it's considered divisible by this court. But if this court takes on the issue, it's clear that Flores v. Ashcroft decided in 2003, long before Curtis Johnson, long before Stokely now in 2019, I think it's now clear, and even in light of this court's decision in Douglas against the United States, that there is not a separate intent element when it comes to the bodily harm that In Stokely, the court said, and I'm paraphrasing, but the ACCA does not require that the force used, attempted, or threatened to be used be, quote, reasonably expected to cause pain or injury. If it doesn't have to be reasonably expected to cause pain or injury, it certainly isn't required to have an intent to cause pain or injury. And then in Douglas in 2017, this court said that Supreme Court holds nor suggests that there be a separate intent element attached to a degree of injury. We agree with Mr. Mullins, it may be a factor, but it's not a requirement. And so there's been a lot of water that's gone under the bridge since 2003 in this area of the law. So unless there are questions from the court, we would ask. One I'd like to raise, I guess, do you think we can rely upon the domestic abuse assault here without limiting or holding that Flores was superseded? I think it would be difficult, and we would just ask for the court to clarify. I mean, the writing is on the wall. I don't think there's need to keep Flores, that part of Flores, on the books in light of Stokely and even Curtis Johnson in 2010. But with that said, the reality is to cause bodily harm, there's one way to do it under the Iowa assault statute, and that's under subsection 2A, which is the actual attempted or actual battery. I mean, you don't cause bodily harm by threatening battery. And that in itself is a specific intent crime, where it's not only you intend the act, but you intend the outcome, according to the Iowa Supreme Court. So I think there may be a way to do it, but I think the cleanest way would be to say that Flores, that part of Flores that not only defines or not only says a bruise isn't a physical injury, it doesn't require the ACCA type force, as well as that part of Flores that talks about intent, I just think that's been undermined by the Supreme Court. So there's not a respectfully a need for this court to continue to hang on to that 2003 case 16 years later after Stokely and Curtis Johnson. Okay. There's one other thing I'd like to just raise with you and invite comment from Mr. Mullins as well. Mr. Walters, you and Mr. Mullins and your colleagues and this court and district judges throughout the circuit for years now have been wrestling with applying the categorical method to now advisory guidelines. And as you all know, that application can often turn on remarkably arbitrary classifications of statutes as to whether they're dealing with different elements or different means, whether they're divisible or not. And I'm wondering if at some point we're going to see a challenge to a district judge's reliance upon such arbitrary classifications of statutes rather than relying upon his or her judgment under 3553A to impose a just sentence. I don't understand why in this kind of a case a district judge would give any significant weight in applying advisory guidelines to this classification. I'll invite that. That's not necessarily a question, but if you want to address it, you may. What I can't tell, what I can't say to the court is that it's been impressed a number of times with our line attorneys to ask the court, does it make a difference? Just as this court has said. And we also fully agree based on this defendant's criminal history, whether these are formally categorized as crimes of violence or not, when you've hit a child, used a knife on somebody, bit your wife on the face, and then also committed assault with a dangerous weapon in California. And given his history and characteristics, that this sentence could have easily been arrived at. While certainly taking into account the guidelines as instructed by the Supreme Court, but by examining the 3553A factors and looking at the risk of danger posed by this particular defendant. So as a representative of the government, we take the court's implicit admonishment well in that we need to do a better job at sentencing and asking courts to indicate when every guideline calculation matters or not. Thank you. Yes. Mr. Mullins, rebuttal. Thank you. And just to address the court's last comment, we believe that the district courts do use the guidelines as a starting point. And that's why these, what can become pretty arcane distinctions between what's a crime of violence and what isn't, is important and is pretty... Why is it important, though? For example, whether somebody who commits an assault, whether somebody, for example, who points a gun as a joke, if actual circumstance not remotely related to anything this defendant did, why should a sentence depend upon that possibility under the state statute? I agree with the court's analysis. However, my experience has been those guidelines are important. And that starting point, what the district courts use... Now, every district court is different, and some district courts rely on the guidelines more than others. But in general, that guideline range is the starting point. And what it is, is important so that those four levels or 10 levels in the case of two prior convictions in a gun case really do make quite a difference. Well, thank you for letting me comment. But just with respect to the aggravated assault, the Fifth Circuit found that a person could commit Iowa aggravated assault by displaying a firearm or displaying a dangerous weapon, even if the victim didn't know that the defendant displayed the dangerous weapon. That was... What do we make, though, of the Iowa court's requirements about, what is it, temporal and spatial proximity? Well, I think you can have proximity without necessarily the victim being aware if his back is turned. So I think proximity doesn't necessarily get you to the use of force. With respect to the causation issue and domestic abuse assault, we believe there is a way of distinguishing Flores and some of the subsequent cases. In particular, I think all of the cases that the government cites, Stoeckling and Voisin from the Supreme Court, those were statutes that significantly different than the domestic abuse assault statute. There was a robbery in Stoeckling that the element was that the victim, resistance by the victim that is overcome by the physical force of the offender, that was really what put that case over the edge into a crime of violence. In Voisin, there was an actual element of knowingly or recklessly causing bodily injury. So the mens rea was within the element of causation there. And then Douglas, Douglas was the Indiana felony battery. Flores was the Indiana misdemeanor battery. From what I can tell, the only difference is the degree of harm caused by felony battery, which is serious bodily injury, and the degree of harm caused by misdemeanor battery, which is just bodily injury. I think that can be distinguished, though, by the distinction the court made in Flores, which was that bodily injury and serious bodily injury is the difference between contact and force. And so that's how we would reconcile Flores with those prior, some of the subsequent cases. Thank you, Mr. Mullins. Thanks to both counsel. The case is taken under advisement.